IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| RODNEY ANTHONY ROBERTSON | * | |
| *Plaintiff* | * | |
| | | Civil Action No.: |
| v. | * | |
| | | (Removed from the Circuit Court |
| BRIAN A. IULIANO, M.D. *et al.* | * | for Baltimore City, Maryland, |
| | | Case No. 24-C-10-002870) |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to U.S.C. §§ 1332, 1441 and 1446, Defendant Brian A. Iuliano, M.D. ("Dr. Iuliano") hereby gives notice of removal of this action from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland. Reserving any and all rights, objections, defenses and exceptions to the extent required, Dr. Iuliano states the following grounds for removal. True and accurate copies of all papers filed in the Circuit Court for Baltimore City as of this date are attached hereto as Exhibit A. A Notice of Filing of Notice of Removal is attached as Exhibit B and will promptly be filed with the Clerk of the Circuit Court of Baltimore City, as required by 28 U.S.C. § 1446(d).

## BACKGROUND

1.

Dr. Iuliano is a Defendant in a civil action filed on April 2, 2010 in the Circuit Court for Baltimore City, Maryland, styled <u>Robertson v. Iuliano, et al.</u>, Case No. 24-C-10-002870. Dr.

Iuliano has not been served with the Complaint to date but recently became aware that it had been filed.

2.

Dr. Iuliano seeks removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

3.

The other named defendants are Neurosurgery Services, LLC, Neurosurgery Associates, Inc. and St. Agnes Healthcare, Inc. ("St. Agnes"). All of these defendants are Maryland corporate entities. See Complaint, ¶¶ 5-7. According to the Clerk of Court for the Circuit Court for Baltimore City, that court's files, counsel for St. Agnes, and the staff at Neurosurgery Associates, Inc., no named defendant in this case has been served.

4.

There is complete diversity of citizenship between the Plaintiff and the Defendants.

5.

The Plaintiff claims that Dr. Iuliano failed to obtain informed consent for a left L4-5 partial hemilaminectomy, medial facetectomy, foraminotomy and discectomy on June 22nd, 2006. See Plaintiff's Complaint and Demand for Jury Trial, ¶25. Plaintiff alleges that failure to obtain informed consent caused personal injuries, pain and suffering, anxiety, medical expenses, lost wages, and permanent disability. Id at ¶¶ 27-28.

## DIVERSITY JURISDICTION

6.

This Court has jurisdiction over this matter based on diversity of citizenship. See 28 U.S.C. § 1332(a). There is complete diversity between the Plaintiff and all Defendants. Further, the amount in controversy between the Plaintiffs and the Defendants exceeds $75,000.

7.

Upon information and belief, the Plaintiff is and was a citizen of the State of Virginia when he filed suit and when Dr. Iuliano removed the case to this Court. See Caption, Complaint and Demand for Jury Trial; see also Complaint, ¶1.

8.

Dr. Iuliano is a resident of the State of Washington, as he was when suit was filed and at removal. Id. at ¶2.

9.

According to the Clerk of Court for the Circuit Court for Baltimore City, Maryland, that court's files related to this matter, counsel for St. Agnes, staff at Neurosurgery Associates, Inc., and Dr. Iuliano, the Defendants have not been served by the Plaintiff with the Complaint as of this May 24th, 2010 filing.

## AMOUNT IN CONTROVERSY

10.

The Plaintiff asserts that he has suffered personal injuries, health care expenses, lost wages, lost employment potential, real and suffered permanent injuries as a result of the alleged failure to obtain informed consent. The Plaintiff seeks $250,000 in damages. See Complaint and

Demand for Jury Trial, ¶¶ 27, 28. Thus, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL IS PROPER

11.

The Plaintiff's Complaint was filed on April 2, 2010. None of the Defendants have been served, but a Defendant may remove prior to service of the Complaint. See, e.g., Walalce v. Microsoft Corp., 596 F.3d 703, 705 (10th Cir. 2010); Delgado v. Shell Oil, 231 F.3d 165, 177 (5th Cir. 2000); North v. Precision Airmotive Corp., 600 F.Supp. 2d 1263, 1270 (M.D.Fla. 2009) (recognizing that "courts permitting unserved non-forum defendants to remove under Section 1441(b) have concluded, axiomatically, that an unserved defendant in receipt of the complaint may remove prior to service under section 1446(b)"). Therefore, this notice of removal is timely filed. See 28 U.S.C. § 1446(b).

12.

Because complete diversity exists, the alleged in-forum status of unserved Defendants is immaterial to the propriety of removal. See, e.g. Vitatoe v. Mylan Pharm., Inc., 2008 WL 3540462 at *5 (N.D.W.Va. Aug. 13, 2008) ("While it is true that unserved defendants cannot be ignored when determining diversity jurisdiction under §1332(a), there is no such requirement under §1441(b)."); see also McCall v. Scott, 239 F.3d 808, 826 amended on denial of reh'g, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).") (citing, *inter alia*, Wensil v. E.I.DuPont De Nemours and Co., 792 F.Supp. 447, 449 (D.S.C. 1992)).

13.

According to the Clerk of Court for the Circuit Court for Baltimore City, that court's files, counsel for St. Agnes, and the staff at Neurosurgical Associates, Inc., no other named defendant in this case has been served. Accordingly, Dr. Iuliano believes in good faith that no other Defendant has been served. He does not need the consent or authorization of any other Defendant.

14.

The United States District Court for the District of Maryland is the federal judicial district embracing the Circuit Court for Baltimore City, Maryland, where the suit was originally filed. See 28 U.S.C. § 98(a). Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

15.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

16.

Pursuant to Local Rule 103, Dr. Iuliano attaches a copy of all process, orders, papers, and pleadings presently on file in the state court as Exhibit A.

17.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly upon the Plaintiff and filed with the Clerk of the Circuit Court for Baltimore City, Maryland.

Respectfully submitted,

_____
Michael J. Baxter (Federal Bar No. 01209)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland 21202
Telephone: (410) 230-3800
FAX: (410)230-3801
E-mail: mjb@bbsclaw.com

_____
Trace G. Krueger (Federal Bar No. 27479)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland 21202
Telephone: (410) 230-3800
FAX: (410)230-3801
E-mail: tk@bbsclaw.com
*Attorneys for Defendant Brian A. Iuliano, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of May, 2010, a copy of the foregoing **Notice of Filing of Removal** was mailed, first class, postage prepaid, to:

Thomas O'Toole
Neal Baroody
Baroody & O'Toole
One East Lexington Street, Suite 505
Baltimore, Maryland  21202

*Attorneys for Plaintiff*

_____
Trace Krueger (Federal Bar No. 27479)