| | |
|---|---|
| RODNEY ANTHONY ROBERTSON<br><br>     Plaintiff,<br>v.<br><br>BRIAN A. IULIANO, MD<br>615 Lilly Road N.E.<br>Olympia, Washington 98506<br><br>NEUROSURGERY SERVICES, LLC<br>301 St. Paul Place<br>Baltimore, MD 21201<br><br>NEUROSURGERY ASSOCIATES, INC.<br>19 Fontana Lane, Suite 206<br>Baltimore, MD 21237<br><br>ST. AGNES HEALTHCARE, INC.<br>900 Caton Avenue<br>Baltimore, MD 21229<br>     Defendants. | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br>Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rodney Anthony Robertson ("Mr. Robertson"), through his undersigned counsel, files this Complaint against each of the captioned Defendants, and in support therefore states as follows.

### THE PARTIES

1. Mr. Robertson is a resident of the State of Virginia.

2. Upon information and belief, Brian A. Iuliano, M.D, (hereinafter also referred to as "Dr. Iuliano"), is a resident of the State of Washington.

3. At all times relevant hereto, Dr. Iuliano held himself out to the public and practiced as a medical doctor.

4. At all times relevant hereto, Dr. Iuliano was a treating physician of Mr. Robertson.



EXHIBIT A

5  Upon information and belief, Neurosurgery Services, LLC is a Maryland limited liability company that, among other things, provides health care services to the public ("Neurosurgery Services").

6  Upon information and belief, Neurosurgery Associates, Inc. is a Maryland corporation that, among other things, provides health care services to the public ("Neurosurgery Associates").

7  Upon information and belief, Saint Agnes Healthcare, Inc. is a Maryland corporation that, among other things, provides health care services to the public (hereinafter also referred to as "Saint Agnes").

8  Neurosurgery Services, Neurosurgery Associates, and Saint Agnes are collectively referred to herein as the "Corporate Defendants."

9  Upon information and belief, Dr. Iuliano was an employee and/or agents of one or more of the Corporate Defendants, acting within the scope of his employment and/or agency while treating Mr. Robertson for and/or on behalf of his employer(s) and/or principal(s).

10 All of the events set forth herein took place in Baltimore City, Maryland.

## COUNT I
## LACK OF INFORMED CONSENT

11 On June 22, 2006, Mr. Robertson underwent a Left L4-5 partial hemilaminectomy, medial facetectomy, foraminotomy and discectomy.

12 Dr. Iuliano performed the procedure.

13 Upon information and belief, Mr. Robertson was discharged on June 24, 2006.

14 Approximately 2 weeks later, Mr. Robertson noticed problems with the surgical wound site.

15  Mr. Robertson visited an emergency room in Virginia, where he was diagnosed with "Cellulitis at surgical incision secondary to back surgery in Baltimore."

16  As a result of the infection, on July 27, 2006, Mr. Robertson underwent an irrigation and debridement of the lumbar wound by Dr. Iuliano. Mr. Robertson was discharged on July 27, 2006.

17  Mr. Robertson continued to experience back and left and right leg pain.

18  On November 21, 2006, Mr. Robertson underwent an exploration of the previous lumbar laminectomy with revision of L4 to L5 laminectomy and revision of a left L4-5 lumbar diskectomy.

19  During the procedure, Dr. Iuliano found necrotic material.

20  Mr. Robertson was diagnosed with diskitis and would infection.

21  Mr. Robertson was not discharged until December 6, 2006.

22  As a result of the infection, there was an obliteration of the disc space and deformity of the L4-5 vertebral bodies.

25. Defendants failed to inform Mr. Robertson of the risks associated with the June 22, 2006 surgery, including infection. Defendants failed to obtain informed consent.

26. Mr. Robertson would not have consented to and undergone the surgical procedures on June 22, 2006, if Defendants or their agents and/or employees had fully informed him of the risk of infection.

27. As a direct and proximate result of the lack of informed consent, Mr. Robertson suffered injuries to his body, resulting in physical pain and suffering, anxiety, medical expenses for care and treatment arising out of his injuries, and lost wages.

28. As a direct and proximate result of the lack of informed consent, Mr. Robertson

injuries are permanent and will continue to affect his personal life.

WHEREFORE, Mr. Robertson demands judgment against Defendants for at least $250,000.00 in compensatory damages, plus interest, costs and such other and further relief as the Court may deem appropriate.

Thomas O'Toole
Baroody & O'Toole
201 N. Charles Street
Suite 2102
Baltimore, MD 21201
(410)-539-8413

## DEMAND FOR JURY TRIAL

Plaintiff, through counsel, demands a jury trial.

Thomas O'Toole