IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| RODNEY ANTHONY ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN A. IULIANO, M.D., et al.<br><br>Defendants, | Civil Action No. 1:10-cv-01319-RDB<br><br>(Removed from the Circuit Court for Baltimore City, Maryland, Case No. 24-C-10-2870) |

PLAINTIFF'S MOTION TO REMAND

Plaintiff, Rodney Anthony Robertson ("Mr. Robertson"), through his undersigned counsel, moves this Honorable Court to remand this action pursuant to 28 U.S.C.A. Section 1447(c) to the Circuit Court for Baltimore City, Maryland, where this action was filed, and in support thereof, state as follows.

1. On April 2, 2010, Mr. Robertson filed a Complaint in the Circuit Court for Baltimore City, Maryland against Defendants Brian Iuliano, M.D. ("Dr. Iuliano"), Neurosurgery Services, LLC, Neurosurgery Associates, Inc., and St. Agnes Healthcare, Inc. LLC ("St. Agnes"). Mr. Robertson alleges that Defendants failed to obtain informed consent in connection with surgery performed on his back.

2. On May 24, 2010, Dr. Iuliano, a now resident of the State of Washington and former resident of Maryland, removed the case to Federal District Court.

3. Removal is premised on the allegation of diversity jurisdiction.

4. St. Agnes, Neurosurgery Services, LLC, and Neurosurgery Associates, Inc are

1

Maryland entities with their principal place of business in the State of Maryland (the "Maryland Defendants").

5. None of the Defendants had been served, including the forum defendants, prior to filing of the Notice of Removal Remove. It is unclear from his petition when he received a copy of the Complaint.

6. Removal is improper under 28 U.S.C. §1441(b) as St. Agnes, Neurosurgery Services, LLC, and Neurosurgery Associates, Inc are all Maryland entities.

7. Removal is improper under 28 U.S.C. §1441(b) because none of the Defendants had been served prior to the filing of the Notice of Removal and were not joined.

8. Dr. Iuliano's Notice of Removal is defective as it has not been timely filed.

WHEREFORE, Mr. Robertson respectfully requests this Honorable Court issue an Order directing the Clerk to remand this action to the Circuit Court for Baltimore City.

                        /s/
Thomas O'Toole (No. 10227)
Baroody & O'Toole
201 North Charles Street, Suite 2102
Baltimore, MD 21201
Telephone: (410) 539-8410
Facsimile: (410) 539-8411
Email: totoolelaw@aol.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the June 23, 2010, a copy of the foregoing document was served by email (through electronic filing of the document) to all counsel of record in this matter.

>Michael J. Baxter (Bar No. 01209)
>Email: mjb@bbsclaw.com
>Trace G. Krueger (Bar No. 27479)
>Email: tk@bbsclaw.com
>Baxter, Baker, Sidle, Conn & Jones, PA
>120 E. Baltimore Street, Suite 2100
>Baltimore, MD 21202
>
>Attorneys for Defendant Brian A. Iuliano, M.D.
>
>Craig B. Merkle (Bar No. 00531)
>Email: cbm@gdldlaw.com
>Shannon Madden Marshal (Bar No. 14347)
>Email: smm@gdldlaw.com
>Goodell, DeVries, Leech & Dann
>One South Street, Suite 2000
>Baltimore, MD 21202
>
>Attorneys for Defendant St. Agnes HealthCare, Inc.
>
>Peter E. Keith (Bar No. 01483)
>Hilary H. Amaoutakis (Bar No. 28808)
>Gallahger Evelius & Jones
>218 N. Charles Street
>Baltimore, MD 21201
>
>Attorneys for Defendant Neurosurgery Services, LLC;
>
>And by first class mail to
>
>Linda H. Jones
>218 N. Charles Street, Suite 400
>Baltimore, MD 21201
>
>Resident agent of Neurosurgery Associates, Inc.

>                                   /s/
>                              Thomas O'Toole

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| RODNEY ANTHONY ROBERTSON, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN A. IULIANO, M.D., et al. <br><br> Defendants, | Civil Action No. 1:10-cv-01319-RDB <br><br> (Removed from the Circuit Court for Baltimore City, Maryland, Case No. 24-C-10-2870) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO REMAND

Plaintiff, Rodney Anthony Robertson ("Mr. Robertson"), through his undersigned counsel, submits this memorandum in support of his motion to remand to the Circuit Court for Baltimore City, Maryland.

BACKGROUND

On June 22, 2006, Mr. Robertson had back surgery. Defendant Brian A. Iuliano, M.D. (Dr. Iuliano") performed the procedure at St. Agnes Hospital in Baltimore City. Mr. Robertson was discharged on June 24, 2006. Approximately 2 weeks later, Mr. Robertson had problems with the surgical wound site. He was diagnosed with an infection at the surgical site secondary to the back surgery. On July 27, 2006, Mr. Robertson underwent an irrigation and debridement of the wound by Dr. Iuliano. Mr. Robertson continued to experience back and left and right leg pain. On November 21, 2006, Mr. Robertson underwent an exploration of the previous surgical site. During the procedure, Dr. Iuliano found necrotic material. Mr. Robertson was diagnosed with diskitis and infection. He was

1

not discharged until December 6, 2006. As a result of the infection, there was an obliteration of the disc space and deformity of the L4-5 vertebral bodies.

On April 2, 2010, Mr. Robertson filed the Complaint in the Circuit for Baltimore City, asserting claims against Dr. Iuliano, St. Agnes Healthcare, Inc. ("St. Agnes"), Neurosurgery Associates, Inc., and Neurosurgery Services, LLC. The Complaint alleges that Defendants failed to obtain informed consent.

Mr. Robertson is a citizen of the State of Virginia, and Dr. Iuliano is a citizen of the State of Washington. St. Agnes, Neurosurgery Associates, Inc., and Neurosurgery Services, LLC are Maryland entities with their principal places of business in Maryland.

Before any of the Defendants were served, Dr. Iuliano filed a Notice of Removal. The Notice of Removal failed to identify the date upon which the Dr. Iuliano first acquired a copy of the Complaint. The stated basis for removal is the diversity of citizenship between Mr. Robertson and Defendants under 28 U.S.C. §1332. Dr. Iuliano argues that 28 U.S.C. §1441(b) does not preclude removal because the citizenship of Maryland Defendants is not to be considered because none of them have been served. Notwithstanding the lack of service on the Maryland Defendants, 28 U.S.C. §1441(b) precludes removal.

## ARGUMENT

### A. Removal is Improper Because Three of the Four Defendants are Forum Defendants

#### 1. Standard of Review

The U.S. Supreme Court has noted that removal is disfavored and that Congress intended to limit instances of removal from state to federal courts.[1] The Fourth Circuit has long held that any doubts in removal jurisdiction should be decided in favor of retained state jurisdiction. The burden of establishing federal jurisdiction is placed upon the party seeking removal.[2] "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."[3] Doubts regarding removal are to be resolved in favor of remand to the state court.[4]

#### 2. Diversity Jurisdiction

Removal of an action from state court to Federal District Court pursuant to 28 U.S.C. § 1441(a) is appropriate only when the Federal Court has original jurisdiction.[5] Federal District Courts have original jurisdiction of all civil actions where the action is between citizens of different states and the amount in controversy exceeds $75,000.[6] In diversity cases, the "forum defendant rule" – imposes an additional requirement.[7] It provides that a case can be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in

---

[1] *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10, 71 S. Ct. 534, 95 L. Ed. 702 (1951) (noting that an "important [Congressional] purpose [of the 1948 revision of the Federal Rules of Civil Procedure] was to limit removal from state courts").
[2] *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d. 148, 151 (4th Cir. 1994), citing *Wilson v. Republic Iron and Steel Company*, 257 U.S. 92, 42 S.Ct. 35 (1921).
[3] *Mulcahey*, citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868 (1941).
[4] *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).
[5] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).
[6] 28 U.S.C. §1332
[7] 28 U.S.C. §1441(b)

3

which such action is brought."[8]

Diversity jurisdiction is designed to protect out-of-state defendants from local bias.[9] In cases involving multiple defendants where at least one is a citizen of the forum state, the forum defendant rule precludes removal because the likelihood of local bias against all defendants is too remote to warrant removal.[10]

3. The Forum Defendant Rule

28 U.S.C. §1441(b) states:

> An civil action of which the district courts have original jurisdiction founded on a claim or filing arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Federal district courts are divided on whether a defendant can avoid the forum-defendant rule by monitoring state court dockets and removing the case before the plaintiff can obtain service on any of the forum defendants. Some cases have held that the plain language allows defendants to remove where the forum defendants have not been served.[11] But the

---

[8] Id. See e.g., *Lively v. Wild Oats Markets., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).
[9] *McSparran v. Weist*, 402 F.2d 867, 876 (3d Cir. 1968); S. Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102 (the "purpose of diversity of citizenship legislation . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts").
[10] See *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) (insofar as "diversity jurisdiction exists because of a fear that the state tribunal would be prejudiced towards the out-of-state plaintiff or defendant, that concern is understandably allayed when that party is joined with a citizen from the forum-state").
[11] *Wensil v. E.I. DuPont De Nemours & Co.*, 792 F. Supp. 447, 448-49 (D.S.C.1992); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp.2d 826, 828 (S.D. Ind. 2002); *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp.2d 731, 736 (D.Md. 2006). Dr. Iuliano cites to *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001) to support its position. The court's pronouncements, however, were dictum as the court held that the issue had been waived.

4

better reasoned line of cases precludes such avoidance because it runs counter to Congressional intent and the policy underlying federal diversity jurisdiction.[12]

a. The Plain Language

Dr. Iuliano has stated in his Notice of Removal that "the alleged in-forum status of unserved Defendants is immaterial to the propriety of removal." The argument states that the plain language of the defendant forum rule requires exclusion of all defendants who have not been "properly joined and served." Application of this principal, although neat, results in outcomes counter to the purpose of the rule.

b. Congressional Intent

"Congress intended the 'joined and served' part of the forum defendant rule to prevent gamesmanship by plaintiffs, who might name an in-state defendant against whom he or she does not have a valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s)."[13] In *Ethington*, on Friday, December 14, 2007, the plaintiffs filed an action in the superior court of New Jersey alleging state law claims. They provided a courtesy copy of the complaint to the defendants the same day. On December 17, 2007, the next business day, certain New Jersey corporate defendants, removed the case to the Federal District Court of New Jersey. Service of process could not have occurred due to the rules of the State of New Jersey. The clerk of the Superior Court was required to forward a tracking number related to the case within 10 days after filing of

---

[12] *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969); *Oxendine v. Merck and Company, Inc.*, 236 F.Supp.2d 517 (D.Md.2002); *Ethington v. General Electric Company*, 575 F.Supp.2d 855(N.D.Ohio 2008); *Sullivan v. Novartis Pharmaceuticals Corp.* 575 F.Supp.2d 640 (D.N.J. 2008); *Oliver v. American Motors Corp.*, 616 F.Supp. 714 (E.D.Va. 1985).
[13] *Ethington v. General Electric Company*, 575 F.Supp.2d 855, 861 (N.D.Ohio2005).

5

the complaint. Service of process could occur until the tracking number was received. The New Jersey defendants argued that removal was proper under the plain reading of the statute because no forum resident defendant had been properly joined or served. The Court disagreed.

> The tactics employed by defendants such as in the instant case turns Congressional intent on its head by allowing defendants to employ gamesmanship, specifically by rushing to remove a newly filed court case before the plaintiff can perfect on anyone. Given that Congress intended the "properly joined and served" language to prevent litigant gamesmanship, "it would be absurd to interpret the same 'joined and served' requirement to actually condone a similar kid of gamesmanship from defendants" in instances such as the case at bar.[14]
>
> * * *
>
> The approach advocated by the GE Defendants would, in addition to eviscerating the forum defendant rule, likewise eviscerates a plaintiff's well-established right to choice of forum, by essentially precluding a plaintiff from ever being able to litigate a case in the defendants' own home state courts if the defendants are sophisticated litigants.[15]

c. Application of the Plain Meaning May Lead to Absurd Results

Pursuant to the argument that the plain meaning of the forum defendant rule precludes consideration of unserved forum defendants' citizenship, a forum defendant sued by an out-of-state plaintiff could remove a case to Federal Court provided that such defendant does so prior to being "properly joined and served." Such a result is at odds with the purpose behind diversity jurisdiction.

---

[14] *Id.* at 862, citing *Allen v. GlaxoSmithKline PLC* 2008 WL 2247067
[15] *Id.* at 862. See *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F.Supp.2d 640 (D.N.J. 2008) ("Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, inter alia, electronically monitoring state court dockets.

6

The goal of statutory construction is to actualize legislative intent.[16] Usually, the best indication of the drafters' intent is the statute's plain language. However, the approach should not be followed if it leads to a result that is plainly contrary to the intent of the drafters. As stated in *Sullivan*, a literal application of §1441(b) would allow defendants to always avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service. (citations omitted).[17] The Court in *Sullivan* also noted that "the growing trend among district courts wrestling with this latest ligation fad is to grant a timely motion to remand."[18]

This Court has wrestled with the issue previously. Judge Davis, formerly of this Court, refused to apply the plain language application.[19] In *Oxendine*, the non-forum defendant removed the case before the Maryland defendants had been served. The Court determined that complete diversity was present. The Court held that the forum defendant rule precluded removal.

> Under 28 U.S.C. § 1441(b), the presence of "properly joined and served" defendants that are citizens of the forum state defeats the right of removal on the basis of diversity of citizenship. To be sure, there is a line of cases which holds that if the in-state defendants had not been served at the time of removal, an out-of-state defendant may remove where, as here, there is complete diversity. *See Wensil v. E.I. Du Pont De Nemours & Co.*, 792 F.Supp. 447, 448 (D.S.C.1992); *McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir.2001); *In re Bridgestone/Firestone, Inc.*, 184 F.Supp.2d 826, 828 (S.D.Ind.2002). Nevertheless, I am persuaded to adhere to the rule followed by the majority of courts that have rejected this interpretation of § 1441(b).
>
> Section 1441(b) provides that an action based on Section 1441(b) provides that an action based on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such

---

[16] *U.S. v. Am. Trucking Associations*, 310 U.S. 534, 542, 60 S.Ct. 1059 (1940).
[17] *Sullivan*, 575 F.Supp. at 862.
[18] *Id.* at 863.
[19] *Oxendine v. Merck and Company, Inc.*, 236 F.Supp.2d 517 (D.Md.2002).

7

action is brought." 28 U.S.C. § 1441(b). Prior to the enactment of section 1441(b), the Supreme Court in *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), stated that where a nonseparable controversy involves a resident defendant, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. *Id.* at 541, 59 S.Ct. 347. In *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir.1981), the court held that the enactment of § 1441(b) did not qualify the requirement of complete diversity; rather, it "further limited jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Pecherski*, 636 F.2d at 1160, 1161 n. 6 (noting that because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served); *see also Katz v. Costa Armatori, S.p.A.*, 718 F.Supp. 1508, 1511 (S.D.Fla.1989); *and see Sharp v. Elkins*, 616 F.Supp. 1561 (W.D.La.1985) (congressional intent behind section 1441(b) is to restrict federal removal jurisdiction, not expand upon it); *South Panola Consol. School Dist. v. O'Bryan*, 434 F.Supp. 750, 754 (N.D.Miss.1977) (same); *Workman v. National Supaflu Systems, Inc.*, 676 F.Supp. 690, 692 (D.S.C.1987); *cf. Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342, 345 (4th Cir.1983)(diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served). Accordingly, the fact that defendant Aventis Pasteur, Inc., cleverly managed to learn of the filing of the first four cases and quickly obtained copies of the complaints before plaintiffs could serve their amended complaints does not require denial of the motions for remand.[20]

The Court found that it was not rational that removability should turn on the timing or sequence of service of process.[21]

d. Application of Plain Language Not Applicable Where No Defendants Have Been Served.

In *Holmstrom v. Harad*,[22] the District Court of Illinois determined that application of the plain language rule was inapplicable where none of the Defendants have been served. The plaintiff filed a shareholder derivative action in a state court of Illinois, alleging state law claims. Two of the twenty-eight officers and directors were citizens of Illinois. The

---

[20] *Contra*, see *Clawson v. FedEx Ground Package System, Inc.*, 451 F.Supp.2d 731 (D.Md.2006) (Court applied the plain language rule to determine that notice of removal not timely filed. The non forum defendants had been served and the forum defendant had never been served).
[21] *Oxendine* 236 F.Supp.2d at 526.
[22] 2005 WL 1950672 (N.D.Ill., August 11, 2005).

8

plaintiff's attorney asked an attorney for one of the out-of-state defendants if they would waive service. That defendant removed the case to the United States District Court for the Northern District of Illinois. At the time of removal, none of the other defendants had been served nor entered their appearance in the state court action. The Court acknowledged that certain cases have held that unserved forum defendants will generally not defeat removal.

> Unlike the case before us, however, the case cites cited above all addressed a situation in which the removing defendant had either been served or had voluntarily appeared. Here, the removing Defendant, Peterson, was obviously aware of the complaint, but he was never served nor did he make an appearance in state court. In fact, not one of the twenty-eight individual Defendants in this case received service or appeared. Therefore, we are presented with a question that has received little treatment in federal courts: whether, under §1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared.
>
> To our knowledge, only one federal court has addressed this factual scenario. In *Recognition Communications, Inc. v. American Automobile Association*, No. Civ. A. 3:97-CV-0945-P), 1998 WL 119528 (N.D. Tex. March 5, 1998), non-forum defendants removed the case to federal court before any defendant was served or appeared. Id. at *1. Another defendant who did not join the notice of removal was a citizen of Texas, the forum state. See Id. at *1, n.1. On plaintiff's motion to remand, the court found that removal was improper because the removing defendants could not ignore the forum defendant's presence. While observing that the citizenship of an unserved forum defendant should generally be disregarded for removal purposes under §1441(b), the court crafted a limited exception to this rule in cases where no defendant had been served prior to removal. Id. at *3, n3.
>
> We agree with the result reached in *Recognition Communications*. Initially, we recognize the tension between this result and the literal language of §1441(b). The forum defendant rule expressed in §1441(b) preclude removal only when a forum defendant has been "joined and served." 28 U.S.C. §1441(b). Peterson's straightforward argument, therefore, is that the presence of two unserved Illinois defendants should not bar removal. Peterson further contends that nothing in the removal statute explicitly limits the "join and served" requirement to cases in which at least one defendant has been served prior to removal. Peterson's contention notwithstanding, we find that remand is proper. Simply put, the policy of the "joined and served" requirement is not implicated in this situation.
>
> \* \* \*

> The "joined and served" requirement makes sense, then, when one defendant has been served but the named forum defendant has not. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant. When no defendant has been served, however, the non-forum defendant stands on equal footing as the forum defendant. Neither defendant in that scenario is obligated to appear in court.[23]

The *Recognition* court determined that because none of the defendants had been served, all of the defendants, including the forum state defendant, had to join in the removal.[24]

### B. Dr. Iuliano's Notice is Untimely

Dr. Iuliano's Notice of Removal is procedurally defective in that it is arguably untimely. 28 U.S.C.A. § 1446 (b) requires that notice of removal be filed within 30 days after receipt by the defendant through process or otherwise of a copy of the initial pleading. Dr. Iuliano was not served. Dr. Iuliano fails to identify, however, when he received a copy of the initial pleading. He simply states that he "recently became aware that it had been filed." Dr. Iuliano fails to provide sufficient information to determine whether its May 24, 2010 filing is timely. The burden is on Dr. Iuliano to support that removal is proper. Dr. Iuliano has failed to meet his burden and the filing is defective.

---

[23] *Id.* at 3-4. Defendant appealed the decision. The Seventh Circuit dismissed the appeal for lack of appellate jurisdiction. *Holmstrom v. Peterson*, 492 F.3d 833 (7th Cir. 2007).
[24] *Recognition Communications, Inc. v American Automobile Association*, 1998 WL 119528 (N.D. Tex. March 5, 1998) at 5 ("Since no Defendant had been served or entered a voluntary appearance, the Court finds all of the Defendants should have participated in the Notice of removal.").

10

## CONCLUSION

Removal is improper because Mr. Robertson has claims against three Maryland citizens and the forum defendant rule bars removal, either because the intent of the statute dictates such a finding or because it cannot be the basis of removal when no defendants have been served. In addition, Dr. Iuliano's filing is defective because it fails to identify when he received a copy of the initial pleading.

                                               /s/
                                    Thomas O'Toole (No. 10227)
                                    Baroody & O'Toole
                                    201 North Charles Street, Suite 2102
                                    Baltimore, MD 21201
                                    Telephone: (410) 539-8410
                                    Facsimile: (410) 539-8411
                                    Email: totoolelaw@aol.com

                                    Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the June 23, 2010, a copy of the foregoing document was served by email (through electronic filing of the document) to all counsel of record in this matter.

      Michael J. Baxter (Bar No. 01209)
      Email: mjb@bbsclaw.com
      Trace G. Krueger (Bar No. 27479)
      Email: tk@bbsclaw.com
      Baxter, Baker, Sidle, Conn & Jones, PA
      120 E. Baltimore Street, Suite 2100
      Baltimore, MD  21202

      Attorneys for Defendant Brian A. Iuliano, M.D.

      Craig B. Merkle (Bar No. 00531)
      Email: cbm@gdldlaw.com
      Shannon Madden Marshal (Bar No. 14347)
      Email: smm@gdldlaw.com
      Goodell, DeVries, Leech & Dann
      One South Street, Suite 2000
      Baltimore, MD  21202

      Attorneys for Defendant St. Agnes HealthCare, Inc.

      Peter E. Keith (Bar No. 01483)
      Hilary H. Amaoutakis (Bar No. 28808)
      Gallahger Evelius & Jones
      218 N. Charles Street
      Baltimore, MD 21201

      Attorneys for Defendant Neurosurgery Services, LLC;

      And by first class mail to

      Linda H. Jones
      218 N. Charles Street, Suite 400
      Baltimore, MD 21201

      Resident agent of Neurosurgery Associates, Inc.

                /s/
                Thomas O'Toole

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| RODNEY ANTHONY ROBERTSON, | |
| Plaintiff, | Civil Action No. 1:10-cv-01319-RDB |
| v. | |
| BRIAN A. IULIANO, M.D., et al. | (Removed from the Circuit Court for Baltimore City, Maryland, Case No. 24-C-10-2870) |
| Defendants, | |

PLAINTIFF'S REQUEST FOR HEARING

Plaintiff, Rodney Anthony Robertson, through his undersigned counsel, requests a hearing on the motion to remand.

                                                                 /s/
                                       Thomas O'Toole (No. 10227)
Baroody & O'Toole
201 North Charles Street, Suite 2102
Baltimore, MD 21201
Telephone: (410) 539-8410
Facsimile: (410) 539-8411
Email: totoolelaw@aol.com

Attorneys for Plaintiff

1

CERTIFICATE OF SERVICE

I hereby certify that on the June 23, 2010, a copy of the foregoing document was served by email (through electronic filing of the document) to all counsel of record in this matter.

>Michael J. Baxter (Bar No. 01209)
>Email: mjb@bbsclaw.com
>Trace G. Krueger (Bar No. 27479)
>Email: tk@bbsclaw.com
>Baxter, Baker, Sidle, Conn & Jones, PA
>120 E. Baltimore Street, Suite 2100
>Baltimore, MD 21202
>
>Attorneys for Defendant Brian A. Iuliano, M.D.
>
>Craig B. Merkle (Bar No. 00531)
>Email: cbm@gdldlaw.com
>Shannon Madden Marshal (Bar No. 14347)
>Email: smm@gdldlaw.com
>Goodell, DeVries, Leech & Dann
>One South Street, Suite 2000
>Baltimore, MD 21202
>
>Attorneys for Defendant St. Agnes HealthCare, Inc.
>
>Peter E. Keith (Bar No. 01483)
>Hilary H. Amaoutakis (Bar No. 28808)
>Gallahger Evelius & Jones
>218 N. Charles Street
>Baltimore, MD 21201
>
>Attorneys for Defendant Neurosurgery Services, LLC;
>
>And by first class mail to
>
>Linda H. Jones
>218 N. Charles Street, Suite 400
>Baltimore, MD 21201
>
>Resident agent of Neurosurgery Associates, Inc.

>                                        /s/
>                                   Thomas O'Toole