IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **RODNEY ANTHONY ROBERTSON** | * | |
| *Plaintiff* | * | |
| v. | * | Civil Action No.: 1:10-cv-01319-RDB |
| **BRIAN A. IULIANO, M.D.** *et al.* | * | (Removed from the Circuit Court for Baltimore City, Maryland, Case No. 24-C-10-002870) |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW OPPOSING REMAND AND IN FURTHER SUPPORT OF DISMISSAL

Brian A. Iuliano, M.D. ("Dr. Iuliano"), one of the Defendants, by his undersigned counsel, submits this Memorandum of Law opposing the Plaintiff's Motion to Remand and in further support of Dr. Iuliano's removal of the case to this court on May 24th, 2010.

### BACKGROUND AND PROCEDURAL HISTORY

Rodney Robertson ("Mr. Robertson") is a former patient of Brian A. Iuliano, M.D. ("Dr. Iuliano"), a neurosurgeon. In May 2006, Mr. Robertson had an initial consultation with Dr. Iuliano on referral from his primary care physician. Mr. Robertson complained of severe pain in his back and legs as well as difficulty urinating. After reviewing the results of Mr. Robertson's MRI and discussing possible treatment options with him, Dr. Iuliano scheduled a left L4-5 partial hemilaminectomy, medial facetectomy, foraminotomy and discectomy, which he performed on June 22nd, 2006. Although Mr. Robertson's immediate post-operative course was uneventful, he later developed diskitis and infection. Dr. Iuliano performed several additional surgeries to address these complications in late 2006.

1

On June 22, 2009, exactly three years after Mr. Robertson's initial back surgery, he filed a Statement of Claim in the Health Care Alternative Dispute Resolution Office against Dr. Iuliano, St. Agnes Healthcare, Inc., Neurosurgery Services, LLC, and Neurosurgery Associates, Inc. The Statement of Claim alleged that Dr. Iuliano did not obtain informed consent for the surgery and that he negligently failed to diagnose and treat Mr. Robertson's post-surgical infection. Mr. Robertson amended his Statement of Claim on December 11th, 2009 to remove the negligence cause of action. He amended the Statement of Claim again on February 12th, 2010 to delete all references to negligent conduct. Mr. Robertson was then permitted to waive arbitration[1] and he filed a Complaint in the Circuit Court for Baltimore City on April 2nd, 2010.

At the time the Complaint was filed, Mr. Robertson was a resident of Virginia, Dr. Iuliano was a resident of Washington, and the corporate Defendants (St. Agnes, Neurosurgery Associates, Inc. and Neurosurgery Services, LLC) were Maryland entities. From April 2, 2010 to May 24, 2010, no Defendant was served with the lawsuit.[2] On May 24, 2010 the citizenship of all parties remained the same and Dr. Iuliano timely removed the case to this Court. The Plaintiff filed a Motion to Remand on June 23rd, 2010, challenging the propriety of removal.

## SUMMARY OF ARGUMENT

The plain language of U.S.C. § 1441(b) gives a Defendant in Dr. Iuliano's situation the unfettered right to remove when complete diversity exists between the Plaintiff and all Defendants, and no defendant has been served. The fact that the three corporate Defendants are Maryland corporate entities does not defeat removal because they were not "properly joined and served" before Dr. Iuliano removed the case to federal court. The Plain Meaning Rule controls,

---

[1] Under Maryland Law, when a Plaintiff files a medical malpractice claim alleging only a lack of informed consent, there is no requirement to have a medical expert certify the case as meritorious. Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b).

[2] See Plaintiff's Motion to Remand, ¶5.

and neither the "absurdity" exception or the intent exception to the Plain Meaning Rule apply to defeat removal. Courts addressing this issue have overwhelmingly concluded that the plain and unambiguous language of Section 1441(b) permits non-forum defendants such as Dr. Iuliano to exercise removal rights even when unserved defendants are citizens of the state forum selected by the Plaintiff.

The Notice of Removal filed by Dr. Iuliano is not defective because it failed to state exactly when he first acquired a copy of the state court Complaint. The Statement pursuant to the Court's Standing Order states that Dr. Iuliano first received a copy of the Complaint less than thirty days before filing the Notice of Removal, which complies with the statutory requirements to remove a case to federal court.

## ARGUMENT

### A.   REMOVAL IS PROPER UNDER 28 U.S.C. 1441(B).

Dr. Iuliano addressed the propriety of removing this case to federal court in both his Notice of Removal and his Removal Statement Pursuant to the Court's Standing Order, which are incorporated by reference. In requesting remand to state Court, the Plaintiff seeks to avoid the unambiguous statutory language of the 28 U.S.C. § 1441(b),[3] which states:

> **(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States *shall be removable* without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*[4]

---

[3] The Plaintiff also seeks to avoid the consequences of his own delay in effectuating service on the forum Defendants. Had any of the forum Defendants been served with the Complaint during the approximately five week long period between the time the Complaint was filed (April 2, 2010) and the time Dr. Iuliano removed the case (May 24, 2010), then the unambiguous language of 28 U.S.C. § 1441(b) would have prevented Dr. Iuliano from removing the case to federal court.

[4] 28 U.S.C. § 1441(b) (2009) (emphasis added).

3

In this case, the Plaintiff concedes that no named Defendant was served as of May 24th, 2010, when Dr. Iuliano removed the case to this Court.[5] Therefore, based upon the plain statutory language of §1441(b), Dr. Iuliano is permitted to remove the case because no defendants were "properly joined and served" prior to removal.[6]

**1.    The Fourth Circuit Adheres to the "Plain Meaning Rule," Which Controls This Case and Requires Upholding Removal.**

The Fourth Circuit adheres to the settled principle that "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language."[7] There are only two exceptions to the Plain Meaning Rule: when literal application of the statute results in absurdity, and when literal application of the statutory language is demonstrably at odds with clearly expressed congressional intent.[8] In the instant case, application of the Plain Meaning Rule results in neither absurdity nor discordance with congressional intent.

   *a.    Permitting Dr. Iuliano to Remove Under a Plain Reading of 28 U.S.C. 1441(b) does not lead to an absurd result.*

The Plaintiff's Motion to Remand alleges that application of the Plain Meaning Rule may lead to absurd results, but fails to articulate how application of the rule in this case would be

---

[5] See Plaintiff's Motion to Remand, ¶5.

[6] Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp.2d 177, 180 (S.D.N.Y. 2003) ("The language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state.'); Ott v. Consol. Freightway Corp., 213 F.Supp.2d 662, 665 & n.3 (S.D.Miss. 2002) (noting that courts have "almost uniformly" read 1441(b) to allow removal when an in-state defendant has not been served when the removal petition is filed).

[7] Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir. 2001), citing Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (the "Plain Meaning Rule"); In re Sunterra Corp., 361 F.3d 257 (4th Cir. 2004); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir.) ("If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms.").

[8] In re Sunterra Corp., 361 F.3d 257, 265 (4th Cir. 2004); Sigmon Coal Co. v. Apfel, 226 F.3d 91, 304 (4th Cir. 2000), aff'd sub nom. Barnhart v. Sigmon Coal Co., 534 U.S. 438, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002).

absurd.[9] In order for a result to be "absurd," it has to be "so gross as to shock the general moral or common sense. . ."[10] Upholding Dr. Iuliano's choice to remove this case to federal court and apply the plain statutory language of § 1441(b) is not absurd or shocking. The "absurdity" exception to the Plain Meaning Rule does not apply in this case.

      b.    *The Plain Language of 28 U.S.C. 1441(b) is not clearly contrary to expressed Congressional intent.*

The second exception to the Plain Meaning Rule applies when strict adherence to the statutory language yields a result contrary to the result Congress intended in passing the legislation.[11] It is axiomatic that the best indicator of congressional intent is the language of the statute Congress passed.[12] Furthermore, the Supreme Court has held that a statute's "plain meaning should be conclusive except in the 'rare cases [in which] the literal application of [the] statute will produce a result demonstrably at odds with the intentions of its drafters."[13]

In this case, the Plaintiff argues that 28 U.S.C. 1441(b) is contrary to congressional intent, but provides scant evidence supporting that claim.[14] In support of this claim, the Plaintiff relies on Ethington v. General Electric Company,[15] a case from the Northern District of Ohio. Ethington is not authoritative law and the factual predicate is far different than the case at bar. In Ethington, the removing Defendant (which was an in-state Defendant) was provided with a

---

[9] See Plaintiff's Memorandum in Support of Remand, p. 6.
[10] Hillman, 263 F.3d at 342, citing Sigmon Coal Co., 226 F.3d at 304.

[11] Hillman, 263 F.3d at 342.

[12] See In re Mehta, 310 F.3d 308, 311 (3d. Cir. 2002).

[13] United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

[14] In defense of the Plaintiff's attorneys, to the extent such intent may be discerned from legislative history, there is no legislative history on point. See Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 644 (D.N.J. 2008).

[15] 575 F.Supp.2d 855 (N.D. Ohio 2008).

courtesy copy of the state court Complaint by Plaintiff's counsel and removed the case before the Plaintiff could have possibly served the state court Complaint.[16] The court remanded the case, arguing that since §1441(b) was designed to prevent gamesmanship, it would be improper to allow a forum defendant to remove the case before the Plaintiff could perfect service.[17] Dr. Iuliano's case is different because Dr. Iuliano is not an in-state Defendant and because the Plaintiff had ample time to serve forum defendants before Dr. Iuliano became aware of the state court Complaint and filed his Notice of Removal.

More importantly, the better reasoned cases correctly point out that Congressional intent supports the right of a defendant in Dr. Iuliano's situation to remove a case prior to service on in-state defendants.[18]  The reason Congress adopted 28 U.S.C. § 1441(b)'s "joined and served" requirement was to protect non-forum defendants like Dr. Iuliano from being denied the right to remove a case when plaintiffs fraudulently joined forum defendants they had no intention of serving.[19] In this case, Dr. Iuliano had the right to remove the case as soon as he learned it had been filed in state court.[20] A defendant in Dr. Iuliano's situation is not required to guess whether a named resident defendant will ever be served.[21] That is especially true in this case, which involves an alleged failure to obtain informed consent. The only plausible theory of liability under an informed consent cause of action is that some *person* failed to disclose the risks of the

---

[16] Ethington, 575 F.Supp. at 857.

[17] Id. at 862.

[18] See discussion infra.

[19] See Allen v. GlaxoSmithKline PLC, 2008 WL 2247067, at *4 (E.D.Pa. May 30, 2008); Fields v. Organon USA Inc., 2007 WL 4365312, at *3 (D.N.J. Dec. 12, 2007).

[20] 28 U.S.C. § 1446(b)("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service **or otherwise**, or a copy of the initial pleading …") (emphasis added); Massey v. Cassens & Sons, Inc., 2006 WL 381943, at #1 (S.D.Ill. Feb. 16, 2006) (noting that there is no requirement that a defendant be served prior to removing the case).

[21] Stan Winston Creatures, Inc. v. Toys "R" Us Inc., 314 F.Supp.2d 177, 181 (S.D.N.Y. 2003).

Plaintiff's back surgery to him. The Plaintiff's complaint only identifies one culpable *individual*: Dr. Iuliano.[22] The only allegations against the corporate Defendants in this case are vicarious liability allegations vis-à-vis the conduct of Dr. Iuliano.

Contrary to the Plaintiff's argument, upholding removal fulfills congressional intent. The reason diversity citizenship legislation and removal statutes exist is to provide a separate forum for out-of-state citizens like Dr. Iuliano to protect them from the prejudices of local courts and local juries.[23] Any interpretation of § 1441(b) that would deny a non-forum defendant like Dr. Iuliano from removing a state court action to federal court in which the statutory language does not plainly prohibit such removal would improperly subject the non-forum defendant to unfair prejudice. Therefore, if the Court were to accept the Plaintiff's argument and construe § 1441(b) to preclude removal by Dr. Iuliano in this case, then congressional intent underlying diversity jurisdiction and the removal statutes would be thwarted.

**2.   The Weight of Persuasive Authority on this Issue Overwhelmingly Supports Dr. Iuliano's Right to Remove.**

The Plaintiff correctly recognizes that there is some disagreement among the Courts involving removal.[24] However, to state that federal courts are "divided" on the issue is misleading. Overwhelmingly, federal courts have applied the rules of statutory construction and upheld the plain meaning of § 1441(b) instead of rationalizing the language to reach another result.

---

[22] 28 U.S.C. § 1441(b) also makes it clear that only "parties in interest" make the forum defendant rule applicable in the removal context.

[23] S. Rep. 85-1830, 1958 U.S.C.C.A.N. 3099, 2102 (1958); McSparran v. Weist, 402 F.2d 867, 876 (3d. Cir. 1968).

[24] *See* Plaintiff's Memorandum of Law in Support of Motion to Remand, p. 4.

The most recent relevant decision from the United States District Court for the District of Maryland is <u>Clawson v. Fedex Ground Package System, Inc.</u>[25] In <u>Clawson</u>, Judge Titus decided a case in which the personal injury plaintiff sued FedEx Ground Package System, Inc. and the FedEx driver who allegedly caused an automobile accident that injured the plaintiff. The Plaintiff served FedEx, a Pennsylvania corporation, but did not serve the driver, a Maryland resident. Judge Titus discussed removal:

> Thus, federal courts have . . . followed the rule that unserved defendants may be ignored in determining whether there is unanimous consent to removal, and allowed removal where one or more nonresident defendants wish to remove and any resident defendants have not been served. . . Under the <u>Ott</u> line of cases, as well as the plain language of 28 U.S.C. § 1441(b), this action could have been removed by FedEx from state court at any time after it was filed so long as Belcher was an unserved defendant.[26]

Judge Titus remanded the case to state court because FedEx did not timely remove the case. FedEx did not file a notice of removal until March 13, 2006, which was well over thirty days after they had been served on April 15th, 2005. In the case *sub judice*, Dr. Iuliano timely removed the case because he was never served and first received notice of the Complaint less than thirty days before removal.

The Plaintiff relies on the case of <u>Oxendine v. Merck & Company, Inc., et al.</u>[27] for the proposition that the Plain Meaning Rule should be discarded if any of the defendants properly joined, but not properly served, are forum defendants. <u>Oxendine</u> is distinguishable from the instant case because it relies upon two cases, <u>Pullman Co. v. Jenkins</u>[28] and <u>Pecherski v. Gen.</u>

---

[25] 451 F.Supp.2d 731 (D.Md. 2006).

[26] <u>Id.</u> at 736, <u>citing</u> McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001); <u>Ott v. Consolidated Freightways Corp. of Del.</u>, 213 F.Supp.2d 662, 664-666 & n.3 (S.D.Miss. 2002) (discussing cases).

[27] 236 F.Supp.2d 517 (D.Md. 2002).

[28] 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939).

Motors Corp.,[29] in which complete diversity of citizenship between the parties was not established; it has been established in this case. Additionally, the Oxendine rationale is unpersuasive and was recently soundly rejected in Bolin v. Smithkline Beecham Corporation, et al.:

> [T]he Court in Oxendine v. Merck and Co., Inc. held that because the law prior to enactment of § 1441(b) stated that where a non-separable controversy involves a resident defendant, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. However, this Court agrees with the decisions concluding that § 1441(b) as amended limits looking only at "properly joined and served" defendants at the time of removal where diversity jurisdiction is not an issue.[30]

As the Bolin court sagely realized, the Oxendine court totally failed to appreciate that the decisions it relied on to support remand predated the amendment of § 1441(b) to include the "properly joined and served" language.

Although there is disagreement, most courts interpreting § 1441(b) have determined that when an in-state defendant has not been served at the time of removal, that defendant's citizenship has no bearing on removal.[31] The explanation for that is that most courts that encounter this issue do not attempt to delete or ignore the words "and served" from § 1441(b). In

---

[29] 636 F.2d 1156 (8th Cir. 1981).

[30] 2008 WL 3286973, at *2 (S.D.Fla. August 7, 2008) (internal citations omitted); see also Masterson v. Apotex Corp., 2008 WL 2047979 at *2, n.5 (S.D.Fla. May 13, 2008) (stating "This Court not only disagrees with Oxendine, but factually distinguishes the Pennsylvania cases because in the present case the removing defendant was not the forum-state defendant").

[31] See Vitatoe v. Mylan Pharms., Inc., (2008 U.S. Dist LEXIS 63458 (N.D.W.Va. 2008); Myers v. Air Serv. Corp., 2008 U.S. Dist. LEXIS 1836, at #3 (E.D.Va. 2008); Cucci v. Edwards, 510 F.Supp.2d 479, 482-83 (C.D. Cal. 2007); City of Ann Arbor Employees' Retirement System v. Gecht, 2007 U.S. Dist. LEXIS 21928 (N.D. Cal. 2007); Waldon v. Novartis Pharms., Corp., 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. 2007); North v. Precision Airmotive Corp., 600 F.Supp.2d 1263 (M.D.Fla. 2009); Taylor v. Cottrell, Inc., 2009 U.S. Dist LEXIS 48680 (E.D. Mo. 2009); Carman v. Bayer Corp., 2009 U.S. Dist. LEXIS 48791 (N.D.W.Va. 2009); Brake v. Reser's Fine Foods, Inc., 2009 U.S. Dist. LEXIS 5787 (E.D.Mo. 2009); Thomson v. Novartis Pharms. Corp., 2007 U.S.Dist. LEXIS 37990 (D.N.J. 2007); Frick v. Novartis Pharms. Corp., 2006 U.S. Dist. LEXIS 9178 (D.N.J. 2006); Jaeger v. Schering Corp., 2007 U.S.Dist. LEXIS 79510 (D.N.J. Oct. 25, 2007); Ripley v. Eon Labs, Inc., 2007 U.S. Dist. LEXIS 60470 (D.N.J. Aug. 16, 2007); Yocham v. Novartis Pharmaceuticals Corp., 2007 U.S. Dist. LEXIS 58939 (D.N.J. August 13, 2007); McCall v. Scott, 239 F.3d 808, 813, n.2 (6th Cir. 2001); Johnson v. Precision Airmotive, LLC, 2007 U.S. Dist. LEXIS 89264 (E.D.Mo. Dec. 4, 2007); Massey v. Cassens & Sons, Inc., 2006 U.S.Dist LEXIS 9675 (S.D.Ill. Feb. 16, 2006).

order for the court to accept the Plaintiff's Motion to Remand and deny Dr. Iuliano his right to remove the case, a court must ignore its duty to appreciate every word in § 1441(b). As the Court in Wensil v. E.I. De Nemours and Co. put it, "Courts are obligated to give effect, if possible to every word used by the legislature. Here, Congress chose the phrase 'properly joined and served' and this Court should not adopt an interpretation of the statute which renders the 'and served' provision superfluous."[32]

### B.   DR. IULIANO'S NOTICE OF REMOVAL WAS TIMELY FILED.

The Plaintiff argues that the Notice of Removal in this case is "procedurally defective"[33] because Dr. Iuliano's Notice of Removal does not state exactly when he received a copy of the initial pleading. No authority is cited to support the Plaintiff's claim that a removing party must state the exact date the initial pleading is received. 28 U.S.C. § 1446(b) requires that a Notice of Removal be filed within 30 days after the Defendant receives the initial pleading. Dr. Iuliano's "Removal Statement Pursuant to the Court's Standing Order," which is incorporated by reference, was filed contemporaneously with the Complaint. It states at paragraph 5 that "The Notice of Removal was filed on May 24th, 2010 which was not more than thirty days after he, or any defendant upon information and belief, first received a copy of the state court Complaint.[34]

### CONCLUSION

In a case like this one, where complete diversity exists between the Plaintiff and all Defendants, a non-forum Defendant like Dr. Iuliano has the absolute right to remove the case to federal court at any time before any forum defendants are served. The Plaintiff concedes that the

---

[32] Wensil, 792 F.Supp. at 448.

[33] See Plaintiff's Memorandum of Law In Support of Motion to Remand, p. 10.

[34] Undersigned counsel first became aware of the Circuit Court Complaint on April 27th, 2010. Dr. Iuliano became aware of the Circuit Court Complaint several days later.

forum defendants were not served before Dr. Iuliano removed the case. Therefore, the Forum Defendant Rule does not apply, removal was proper, and remand to state court is impermissible.

WHEREFORE, Brian A. Iuliano, M.D., one of the Defendants, respectfully requests that the Plaintiff's Motion to Remand be DENIED.

Respectfully submitted,

*Michael J. Baxter*

---
Michael J. Baxter (Federal Bar No. 01209)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland 21202
Telephone: (410) 230-3800
FAX: (410)230-3801
E-mail: mjb@bbsclaw.com


*Trace G. Krueger*

---
Trace G. Krueger (Federal Bar No. 27479)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, Maryland 21202
Telephone: (410) 230-3800
FAX: (410)230-3801
E-mail: tk@bbsclaw.com
***Attorneys for Defendant Brian A. Iuliano, M.D.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July, 2010, a copy of the foregoing **Memorandum of Law Opposing Remand and in Further Support of Removal** was sent by e-mail (through electronic filing of the document) to all counsel of record in this matter:

>Thomas O'Toole, Esquire (Bar No. 10227)
>Baroody & O'Toole
>201 N. Charles Street, Suite 2102
>Baltimore, Maryland  21201
>Telephone: (410)539-8410
>Facsimile: (410)539-8411
>Email: totoolelaw@aol.com

*Attorneys for Plaintiff*

>Craig B. Merkle, Esquire (Bar No. 00531)
>Shannon Madden Marshall, Esquire (Bar No. 14347)
>Goodell, DeVries, Leech & Dann
>One South Street, Suite 2000
>Baltimore, Maryland  21202

*Attorneys for Defendant St. Agnes HealthCare, Inc.*

>Peter E. Keith, Esquire (Bar No. 01483)
>Hilary H. Amaoutakis (Bar No. 28808)
>Gallagher, Evelius & Jones
>218 N. Charles Street
>Baltimore, Maryland  21202

*Attorneys for Defendant Neurosurgery Services, LLC*

and by first class mail to

>Linda H. Jones
>218 N. Charles Street, Suite 400
>Baltimore, Maryland  21201

*Resident Agent for Neurosurgery Associates, Inc.*

*Trace G. Krueger*
_____
Trace G. Krueger  (Federal Bar No. 27479)