IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| RODNEY ANTHONY ROBERTSON | * | |
| Plaintiff | * | Civil Action No.:  1:10:CV-01319-RDB |
| v. | * | |
| BRIAN A. IULIANO, M.D., *et al.* | * | (Removed from the Circuit Court for Baltimore City, Maryland, |
| Defendants | * | Case No. 24-C-10-002870) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ST. AGNES HEALTHCARE, INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant St. Agnes HealthCare, Inc., by its attorneys, Craig B. Merkle , Shannon Madden Marshall and Goodell, DeVries, Leech & Dann, LLP, hereby submits this Opposition to Plaintiff's Motion to Remand, and in support hereof, states:

1.　　　There is no dispute that the propriety of the removal by Defendant Brian Iuliano, M.D., a resident of Washington, is governed by 28 U.S.C. §1441(b).

2.　　　There is no dispute that the plain language of 28 U.S.C. §1441(b) clearly permits removal where there is complete diversity between the parties and there has been no service on any forum Defendant(s) at the time of removal by a non-resident Defendant.

3.　　　There is no dispute that there is complete diversity in this case, and that no forum Defendant had been served at the time of removal by Dr. Iuliano, a non-resident Defendant.

4.          Accordingly, applying the unambiguous statutory text of 28 U.S.C. §1441(b),

removal is proper and Plaintiff's Motion to Remand should be denied.

5.          There is no valid basis here for application of the rarely-invoked "bizarre" or

"absurd" results doctrine so as to alter the clear meaning of the statute.

6.          There is no reason for this Court to look behind the statute's plain meaning and

attempt to divine legislative intent or policy concerns inherent in the drafting of

28 U.S.C. §1441(b); the unambiguous statutory language is the beginning and the

end of judicial inquiry.

7.          In further support hereof, *see* the attached Memorandum of Law in Support of this

Defendant's Opposition to Plaintiff's Motion to Remand and the authorities cited

therein.

WHEREFORE, for these reasons and those set forth more fully in St. Agnes Health Care, Inc.'s

attached Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Remand, this

Defendant respectfully requests that Plaintiff's Motion to Remand be DENIED.

Respectfully submitted,


/s/ Craig B. Merkle
Craig B. Merkle (Bar No. 00531)
Goodell, DeVries, Leech & Dann, LLP
Suite 2000
One South Street
Baltimore, Maryland  21202-3201
Telephone:  (410) 783-4000
Fax:  (410) 783-4040
E-mail:  cbm@gdldlaw.com

_/s/ Shannon Madden Marshall_
Shannon Madden Marshall (Bar No. 14347)
Goodell, DeVries, Leech & Dann, LLP
Suite 2000
One South Street
Baltimore, Maryland  21202-3201
Telephone:  (410) 783-4000
Fax:  (410) 783-4040
E-mail:  smm@gdldlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July 2010, a copy of the foregoing was sent via

email (per electronic filing) to:

Thomas O'Toole, Esquire
Baroody & O'Toole
201 N. Charles Street
Suite 2102
Baltimore, MD  21201
_Counsel for Plaintiff_

Michael J. Baxter, Esquire (Fed. Bar No. 01209)
Trace G. Krueger, Esquire (Fed. Bar No. 27479)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, MD  21202
Counsel for Brian Iuliano, M.D.

Peter E. Keith, Esquire (Bar No. 01483)
Hilary H. Amaoutakis (Bar No. 28808)
Gallagher, Evelius & Jones
218 N. Charles Street
Baltimore, Maryland  21202
_Counsel for Defendant Neurosurgery Services, LLC_

and by first class mail to

Linda H. Jones, Esquire
218 N. Charles Street, Suite 400
Baltimore, Maryland  21201
_Resident Agent for Neurosurgery Associates, Inc._

_/s/ Shannon Madden Marshall_
Shannon Madden Marshall (Bar No. 14347)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| RODNEY ANTHONY ROBERTSON | * | |
| Plaintiff | * | Civil Action No.:  1:10:CV-01319-RDB |
| v. | * | |
| BRIAN A. IULIANO, M.D., *et al.* | * | (Removed from the Circuit Court for Baltimore City, Maryland, |
| Defendants | * | Case No. 24-C-10-002870) |
| | * | |

* * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT
OF ST. AGNES HEALTHCARE, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant St. Agnes HealthCare, Inc., by its attorneys, Craig B. Merkle , Shannon Madden Marshall and Goodell, DeVries, Leech & Dann, LLP, hereby submits this Memorandum of Law in Support of its Opposition to Plaintiff's Motion to Remand.

Preliminarily, Co-Defendant Brian Iuliano, M.D. has recently filed an Opposition to Plaintiff's Motion to Remand, and an accompanying Memorandum of Law in Support, setting forth the factual summary and procedural history of this matter to date.  Accordingly, this Defendant will not herein reiterate the background factual and procedural details for this Court.  Rather, this Defendant will defer to the factual and procedural background set forth in Dr. Iuliano's Memorandum of Law.

**I.     Argument**

In support of its Opposition to Plaintiff's Motion to Remand, Defendant St. Agnes HealthCare, Inc. submits the following:

A)   <u>Section 1441(b) is clear and unambiguous; as such, this Court need look no further than the statute to determine that removal is proper here.</u>

In a civil action based on federal diversity jurisdiction, 28 U.S.C. §1441(b) provides that such actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff here does not dispute that there is complete diversity of citizenship between the parties; Mr. Robertson resides in Virginia, Dr. Iuliano resides in the Washington, and no corporate Defendant resides in Virginia. Plaintiff's Motion to Remand at 2. Plaintiff further concedes that no forum Defendants had been served at the time of removal. *Id.* Indeed, Plaintiff acknowledges that §1441(b) applies to this case. Plaintiff's Memorandum in Support of his Motion to Remand at 2 (curiously claiming that §1441(b) "precludes removal.") Thus, there is no debate about the applicability of §1441(b) to this dispute.

Even further, Plaintiff makes no claim that the relevant statutory language is misleading or ambiguous. He offers no authority concluding that there is any such ambiguity. Rather, Plaintiff concedes, if indirectly, that the plain language of 1441(b) would allow for removal here. *See, e.g.,* Plaintiff's Memorandum in Support of his Motion to Remand at 8, section d. (arguing "Application of Plain Language Not Applicable..."). Accordingly, the instant dispute is straightforward -- whether a plain and unambiguous statute should apply as it is written. Under basic tenets of statutory construction, it must be so.

The first inquiry in statutory interpretation is to assess whether the language is plain and unambiguous. *United States v. Gonzales,* 520 U.S. 1, 4, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997). When the statutory text is unambiguous – as it is here – a court "must apply the statute according to its terms." *Carcieri v. Salazar,* 129 S. Ct. 1058, 1063-1064, 172 L. Ed. 2d 791 (2009) (*citing Dodd v. United States,* 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *Lamie v. United States Trustee,* 540 U.S.

2

526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000); *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). The Supreme Court has specifically cautioned that the courts are not vested with discretion to alter an otherwise clear statute: "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 461-462, 122 S. Ct. 941, 956, 151 L. Ed. 2d 908 (2002) (*citing Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (*quoting Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981)) (citations omitted). The *Barnhart* Court further explained that when statutory language is clear, no further "canon or interpretive tool" is necessary. *Barnhart, supra*, 534 U.S. at 461. For a plain and unambiguous statute, "we will not alter the [statutory] text" in favor of "policy preferences." *Id*. at 462.

Here, there is no dispute that, applying the plain statute to the instant facts, removal is proper under §1441(b). As such, this Court need not consider legislative history or intent, or minority decisions from courts that strayed from elementary rules of statutory construction. Rather, as Plaintiff does not contest the applicability and the plain meaning of §1441(b), "judicial inquiry is complete," and removal is proper.

Despite Plaintiff's claim that courts are "split" over the propriety of removal in these cases, a vast majority of courts apply the plain statutory meaning and concur that removal is proper: *See, e.g., Stewart v. Auguillard Const. Co.,* Case No. 09-6455, 2009 WL 5175217 (E.D.La. Dec. 18, 2009); *McCall v. Scott,* 239 F.3d 808, 813 n. 2 (6th Cir.2001); *Vitatoe v. Mylan Pharm., Inc.,* Case No. 08-CV-

85, 2008 WL 3540462 (N.D.W.Va. Aug. 13, 2008); *Valerio v. SmithKline Beecham Corp.,* Case No. 08-60522-CIV, 2008 WL 3286976 (S.D.Fla. Aug. 7, 2008); *Masterson v. Apotex Corp.,* Case No. 07-61665-CIV, 2008 WL 2047979 (S.D.Fla. May 13, 2008); *Johnson v. Precision Airmotive, LLC,* Case No. 07-CV-1695, 2007 WL 4289656 (E.D.Mo. Dec. 4, 2007); *Waldon v. Novartis Pharm. Corp.,* Case No. 07-01988, 2007 WL 1747128 (N.D.Cal. June 18, 2007); *Thomson v. Novartis Pharm. Corp.,* Case No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007); *Clawson v. FedEx Ground Package Sys., Inc.,* 451 F.Supp.2d 731 (D.Md.2006); *Ott v. Consol. Freightways Corp. of Del.,* 213 F.Supp.2d 662 (S.D.Miss.2002); *Mask v. Chrysler Corp.,* 825 F.Supp. 285 (N.D.Ala.1993); *Wensil v. E.I. DuPont De Nemours and Co.,* 792 F.Supp. 447 (D.S.C.1992); *Republic Western Ins. Co. v. Int'l Ins. Co.,* 765 F.Supp. 628 (N.D.Cal.1991); *Windac Corp. v. Clarke,* 530 F.Supp. 812 (D.Neb.1982); *see also* 14B Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723 at 624 (3d ed. 1998).  These cases collectively illustrate that the plain statutory language is most often deemed controlling, and that it permits removal in these circumstances.

Further, Plaintiff's proposed statutory interpretation would improperly omit the "and served" language inserted by Congress.  It is axiomatic to statutory construction that one cannot selectively ignore words in a statute.  Rather, "[i]n construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 60 L.Ed.2d 931 (1979); *see also* 2A Sutherland Statutes and Statutory Construction §46:6 (7th ed.) ("No clause, sentence or word shall be construed as superfluous, void or insignificant if a construction can be found which will give force to and preserve all the words of a statute.")   Plaintiff's proposed interpretation of the statute violates this basic statutory construction principle, and thus should not be adopted by this Court.

B.  Plaintiff cannot trump the plain meaning of 1441(b) by invoking the "bizarre" or
     "absurd" result doctrines, legislative history or Congressional intent.

Because the plain meaning of the statute is against him, Plaintiff urges this Court to ignore

Congress's chosen text, and to deem it "absurd" or "bizarre." Plaintiff's Memorandum in Support of his

Motion to Remand at pp. 6-8. However, it is rare that an allegedly "absurd" or "bizarre" result will bar

application of unambiguous statutory language, again because deference must be given to the plain

statutory text. *See Hutchins v. Bayer Corp.,* 2009 WL 192468 (D.Del.2009) at 6; (citing 2A Sutherland

Statutes and Statutory Construction § 46:7 (7th Ed.) ("'[T]he absurd results doctrine should be used

sparingly because judicial speculation that the legislature could not have meant what it unmistakably

said risks corrupting the separation of powers doctrine.'") As the *Hutchins* Court found, even if

permitting removal before service on a forum defendant may be perceived as "unseemly," it does not

approach the level of "absurd" or "bizarre." *Id. See also Vitatoe v. Mylan Pharm., Inc.,* Case No. 08-

CV-85, 2008 WL 3540462 (N.D.W.Va. Aug. 13, 2008) at 6 ("No absurd result or 'procedural trap' is

produced by applying a literal application of the statute."); *Waldon v. Novartis Pharm. Corp.,* Case No.

07-01988, 2007 WL 1747128 (N.D.Cal. June 18, 2007) at 3 (finding "no compelling reason to depart

from the plain text of section 1441(b)"). Plaintiff here offers no compelling basis for the judicial

activism he seeks.

Although examination of Congressional intent and legislative history is not warranted here, if it

were, it would by no means necessarily favor remand. Plaintiff asserts that by restricting removal to

"joined and served" defendants, Congress has unwittingly created an unintended "loophole" for

removal. Plaintiff's Memorandum in Support of his Motion to Remand at 6, fn. 15. Yet Plaintiff fails to

consider that the "properly joined and served" language in Section 1441(b) was first adopted in 1948.

*See Hutchins v. Bayer Corp.,* 2009 WL 192468 (D.Del.2009) at 9 (examining statutory history and

concluding that in the absence of Congressional action to revise the statute, it must be interpreted pursuant to its plain meaning).  Despite subsequent statutory revisions, this so-called "loophole" has yet to be "closed" by Congress.  Thus, even assuming *arguendo* that legislative history and intent were appropriate areas of judicial inquiry here, it is reasonable to conclude that Congress intended what it wrote, and that the plentiful decisions upholding removal over the last decade were not undesired consequences of an unintended "loophole."  As the Supreme Court has explained, it is only "the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).   In any case, it is not for the judiciary to correct a supposed legislative "loophole." *See Carreon v. Alza Corp.*, 2010 WL 539392 (N.D.Cal.) (addressing 1441(b), and concluding that "nothing precludes Congress from amending the statute if a significant problem has now actually arisen; indeed, that is the essence of the legislative function.")  Further, contrary to Plaintiff's position, the plain application of §1441(b) permitting removal has been interpreted to align with Congressional intent.  *See Hutchins v. Bayer Corp.,* 2009 WL 192468 (D.Del.2009) at 7 (finding that removal in accordance with the plain statutory language "does not conflict with Congressional intent.")  Thus, though the plain meaning analysis obviates the need to consider legislative history and intent, even these factors do not weigh in favor of remand.

## II.   Conclusion

Plaintiff asks this Court to reject the express language that Congress enacted into law 62 years ago and, instead, to substitute its own policy preferences using the purported legislative history as a cover.  As demonstrated above, many other federal judges faced with this precise issue have ruled that an unambiguous law that has been in force for decades cannot be disregarded based on a personal view

of what the law should have said.  Although the judiciary appropriately – and necessarily – decides the meaning of ambiguous laws, it does not have the discretion to nullify unambiguous laws, even if it disagrees with those laws.

Where, as here, complete diversity exists between the Plaintiff and all Defendants, a non-forum Defendant like Dr. Iuliano has the absolute right to remove the case to federal court at any time before any forum Defendants were served.  The Plaintiff concedes that the forum Defendants were not served before Dr. Iuliano removed the case.  He further concedes that §1441(b) applies, and that the plain meaning of that statute would favor removal.  Accordingly, removal was proper here, and remand to state court is impermissible.

WHEREFORE, Defendant St. Agnes HealthCare, Inc. respectfully requests that the Plaintiff's Motion to Remand be DENIED.

Respectfully submitted,

*/s/ Craig B. Merkle*
Craig B. Merkle (Bar No. 00531)
Goodell, DeVries, Leech & Dann, LLP
Suite 2000
One South Street
Baltimore, Maryland  21202-3201
Telephone:  (410) 783-4000
Fax:  (410) 783-4040
E-mail:  cbm@gdldlaw.com

*/s/ Shannon Madden Marshall*
Shannon Madden Marshall (Bar No. 14347)
Goodell, DeVries, Leech & Dann, LLP
Suite 2000
One South Street
Baltimore, Maryland  21202-3201
Telephone:  (410) 783-4000
Fax:  (410) 783-4040
E-mail:  smm@gdldlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July 2010, a copy of the foregoing was sent via

email (per electronic filing) to:

Thomas O'Toole, Esquire
Baroody & O'Toole
201 N. Charles Street
Suite 2102
Baltimore, MD  21201
*Counsel for Plaintiff*

Michael J. Baxter, Esquire (Fed. Bar No. 01209)
Trace G. Krueger, Esquire (Fed. Bar No. 27479)
Baxter, Baker, Sidle, Conn & Jones, P.A.
120 E. Baltimore Street, Suite 2100
Baltimore, MD  21202
Counsel for Brian Iuliano, M.D.

Peter E. Keith, Esquire (Bar No. 01483)
Hilary H. Amaoutakis (Bar No. 28808)
Gallagher, Evelius & Jones
218 N. Charles Street
Baltimore, Maryland  21202
*Counsel for Defendant Neurosurgery Services, LLC*

and by first class mail to

Linda H. Jones, Esquire
218 N. Charles Street, Suite 400
Baltimore, Maryland  21201
*Resident Agent for Neurosurgery Associates, Inc.*

*/s/ Shannon Madden Marshall*
Shannon Madden Marshall (Bar No. 14347)