IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY A. ROBERTSON,                 *

      Plaintiff,                                 *

            v.                                 *       Civil Action No. RDB 10-1319

BRIAN A. IULIANO, M.D., *et al.*,       *

      Defendants.                     *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Rodney A. Robertson ("Robertson") sued Defendants Brian A. Iuliano, M.D. ("Dr. Iuliano"), Neurosurgery Services, LLC ("Neurosurgery Services"), Neurosurgery Associates, Inc. ("Neurosurgery Associates") and St. Agnes HealthCare, Inc. ("St. Agnes") (collectively, "Defendants"), in the Circuit Court for Baltimore City, Maryland. Robertson alleges that Dr. Iuliano failed to obtain his informed consent in connection with his back surgery, and that Neurosurgery Services, Neurosurgery Associates and St. Agnes are vicariously liable for Dr. Iuliano's actions.

Dr. Iuliano removed this case to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332(a), 1441(b). Robertson now moves pursuant to 28 U.S.C. § 1447(c) to remand this case to the Circuit Court for Baltimore City, contending that removal is improper under 28 U.S.C. § 1441(b) because St. Agnes, Neurosurgery Services and Neurosurgery Associates are all Maryland entities. Defendants oppose the motion to remand, arguing that removal is proper because Dr. Iuliano filed the notice of removal to this Court before the other defendants were properly joined and served. The parties' submissions have been reviewed and no hearing is

1

necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Robertson's Motion to Remand (ECF No. 13) is DENIED.

## BACKGROUND

Plaintiff Robertson is a former patient of Defendant Dr. Iuliano, a neurosurgeon. Compl. ¶ 4 (ECF No. 2). On June 22, 2006, Dr. Iuliano performed surgery on Robertson's back at St. Agnes Hospital in Baltimore, Maryland. *Id*. ¶11. Approximately two weeks after the surgery, Robertson was diagnosed with an infection at the surgical site secondary to the back surgery. *Id*. ¶ 14. Robertson claims "that as a result of the infection, there was an obliteration of the disc space and deformity of the L4-5 vertebral bodies." *Id*. ¶ 22. Robertson alleges that Defendants failed to inform him of the risks associated with the surgery, including infection, and therefore failed to obtain his informed consent to the procedure. *Id*. ¶ 25.

On April 2, 2010, Robertson filed the pending action claiming lack of informed consent in the Circuit Court for Baltimore City against Defendants. *See* Notice of Removal (ECF No. 1). In the Complaint, Robertson states that he is a resident of Virginia, Dr. Iuliano is a resident of the state of Washington, and that Neurosurgery Services, Neurosurgery Associates and St. Agnes are Maryland corporations. Compl. ¶¶ 1, 2, 5-7. On May 24, 2010, before Robertson had served any defendant, Dr. Iuliano removed the case to this Court. *See* Notice of Removal. On June 23, 2010, Robertson filed the pending Motion to Remand.

## STANDARD OF REVIEW

Except as otherwise provided by law, a defendant may remove a state civil action to a federal court where the action is one "of which the district courts of the United States has original jurisdiction." 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed upon the party seeking removal, and removal jurisdiction is strictly construed. *Mulcahey*

2

*v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Mulcahey*, 29 F.3d at 151.

ANALYSIS

**I.      Removal Under 28 U.S.C. § 1441(b)**

A diversity case is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This requirement is often referred to as "the forum defendant rule." In the Fourth Circuit, "the general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language . . . ." *Hillman v. IRS*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)) (the "plain meaning rule"). There are two exceptions to the Fourth Circuit's application of the plain meaning rule, however: When literal application of the statute results in (1) absurdity, or (2) an outcome at odds with clearly expressed congressional intent. *RCI Tech. Corp. v. Sunterra Corp.* (In re *Sunterra Corp.*), 361 F.3d 257, 265 (4th Cir. 2004). Thus, this Court must apply the plain language of section 1441(b) unless it would produce an absurd result or conflict with congressional intent.

Robertson argues that the forum defendant rule precludes removal here because Neurosurgery Associates, Neurosurgery Services and St. Agnes have their principal places of business in Maryland. Defendants respond, however, that § 1441(b) is not an obstacle to removal because the Maryland defendants were not "properly joined and served" at the time of removal as required by the plain language of the statute. Robertson does not dispute that Dr.

Iuliano filed a notice of removal before any of the Defendants were served. Mot. to Remand at 2. Instead, Robertson argues that the application of the forum defendant rule is improper in this case because it would lead to absurd results and would be contrary to congressional intent. Thus, the heart of Robertson and Defendants' disagreement in this case is whether this Court should apply the plain meaning rule to section 1441(b).

The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. *Flores v. Merck & Co.* (In re *Fosamax Prods. Liab. Litig.*), 2008 U.S. Dist. LEXIS 57473, at *37-38 (S.D.N.Y. July 28, 2008) ("Courts almost uniformly have read [section 1441(b)] to allow removal where an in-state defendant has not been served by the time the removal petition is filed."); *see also North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (collecting cases and finding that a "majority of courts" have been "hewing closely to the unambiguous text of section 1441(b)" and finding that "a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant."); *Ott v. Consolidated Freightways Corp.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) ("In accordance with [section 1441(b)'s] language . . ., courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability.").

As Robertson points out, however, some courts have found that application of the plain language would lead to absurd results or produce a result counter to congressional intent. *See, e.g.*, *Ethington v. GE*, 575 F. Supp. 2d 855, 864 (N.D. Ohio 2008) ("applying the plain language of § 1441(b) would produce a result demonstrably at odds with Congressional intent underpinning the forum defendant rule, and specifically with the "properly joined and served"

4

language."); *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008) ("The result of blindly applying the plain 'properly joined and serve' language of section 1441(b) is to eviscerate the purpose of the forum defendant rule.").

In this case, applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent. Tellingly, Robertson does not offer any argument as to how allowing Dr. Iuliano to remove this case would lead to an absurd result. Furthermore, upholding Dr. Iuliano's right to remove does not run counter to congressional intent. There is no dispute that Congress adopted the "properly joined and served" requirement in section 1441(b) to protect non-forum defendants in diversity cases from being deprived of their right of removal by plaintiffs fraudulently joining a forum defendant whom plaintiffs had no intention of serving. *See Allen v. GlaxoSmithKline PLC,* 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) ("[T]he intent behind the 'joined and served' requirement is to avoid gamesmanship by preventing plaintiffs from joining forum defendants merely to preclude federal jurisdiction."). Permitting removal in this case does not disrupt that purpose.[1]

Thus, this Court will follow the Fourth Circuit's general practice of interpreting the plain language of section 1441(b) and allow Dr. Iuliano his right to remove this case. Any other interpretation of the statute omits the "properly joined and served" language inserted by Congress. Notably, the most recent decision by this Court relating to this issue, *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731 (D. Md. 2006), confirms such an interpretation of the forum defendant rule. In *Clawson*, the plaintiff brought suit against both FedEx and a FedEx employee who allegedly caused a car accident that injured plaintiff. Plaintiff

---

[1] The Defendant Neurosurgery Services contends in its Opposition to Robertson's Motion to Remand (ECF No. 17) that "as a matter of law it is the treating physician's duty alone to inform the patient, not that of a corporate medical entity or the hospital where the surgery is performed." Neurosurgery Opp'n at 2 (citing *Sard v. Hardy*, 281 Md. 432, 439 (1977)).

5

served FedEx, which is based in Pennsylvania, but did not serve the driver, who was a Maryland resident. *Id.* at 736. In its analysis, this Court held that: "Under the *Ott* line of cases, as well as the plain language of 28 U.S.C. § 1441(b), this action could have been removed by FedEx from state court at any time after it was filed there so long as [the driver] was an unserved defendant." *Id.* (citing *Ott*, 213 F. Supp. 2d at 664-66).[2] In other words, because the parties in *Clawson* were completely diverse, and because the forum defendant was never "properly joined and served," the existence of the Maryland defendant was not an obstacle to removal. Accordingly, section 1441(b) does not bar removal because the Maryland defendants—Neurosurgery Services, Neurosurgery Associates, and St. Agnes—were not properly joined and served at the time of removal.

## II. Timeliness

Robertson argues in the alternative that Dr. Iuliano's notice of removal was "procedurally defective" because it does not state when Dr. Iuliano received a copy of the initial pleadings. Mot. to Remand at 10. Under the provisions of 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As has been discussed above, Robertson concedes that none of the Defendants were served prior to Dr. Iuliano's filing of the notice of removal. Furthermore, Dr. Iuliano's removal statement, which he filed contemporaneously with the notice of removal, states that "The Notice of Removal was filed on May 24th, 2010 which was not more than thirty days after he, or any defendant upon information and belief, first

---

[2] In *Clawson*, this Court remanded the case to state court because defendant FedEx's removal was untimely. *Clawson*, 451 F. Supp. 2d at 736. As will be explained in section II, timeliness is not an issue in this case because Dr. Iuliano has sufficiently established that he filed his Notice of Removal within thirty days from when he first received a copy of the Complaint.

received a copy of the state court Complaint." Removal Statement ¶ 5 (ECF No. 5). Therefore, Dr. Iuliano specifically states that his notice of removal was filed within the 30-day time limit prescribed by section 1446(b).[3] Robertson does not offer any support for his claim that Dr. Iuliano's failure to state the specific date that he received a copy of the initial pleadings makes his notice of removal procedurally defective. Accordingly, Dr. Iuliano's removal statement is sufficient to establish that the notice of removal was timely.

## CONCLUSION

For the reasons stated above, Robertson's Motion to Remand (ECF No. 13) is DENIED.

A separate Order follows.

Dated:	February 4, 2011	/s/_____
	Richard D. Bennett
	United States District Judge

---

[3] Dr. Iuliano states in his Opposition that his attorney first became aware of the Complaint on April 27, 2010, and that he became aware of the Complaint "several days later." Iuliano Opp'n (ECF No. 14) at 10, n. 34.