IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY ANTHONY ROBERTSON,          *

 Plaintiff,                         *

    v.                              *     Civil Action No. RDB-10-1319

BRIAN A. IULIANO, M.D. *et al*,    *

Defendants.                        *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Pending before this Court is Defendant Brian A. Iuliano, M.D.'s ("Dr. Iuliano") Motion for Leave to File Amended Answer (ECF No. 30) pursuant to Fed. R. Civ. P. 15(a) and Local Rule 103.6. The issues have been fully briefed by the parties and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Defendant's Motion for Leave to File Amended Answer is GRANTED.

BACKGROUND

Plaintiff Rodney Anthony Robertson ("Plaintiff" or "Robertson") has filed this medical malpractice action against Brian A. Iuliano, M.D., Neurosurgery Services, LLC., Neurosurgery Associates Inc., and St. Agnes Healthcare, Inc. seeking damages for injuries arising from several back surgeries the Plaintiff underwent in 2006 at the hand of Dr. Iuliano, a neurosurgeon who was Robertson's treating physician. Pl.'s Compl. ¶ 4, ECF No. 2.

1

On June 22, 2006, Robertson underwent several surgical procedures including a Left 4-5 partial hemilaminectomy, medial facetectomy, foramintomy, and discectomy performed by Dr. Iuliano. *Id.* ¶ 11-12. Plaintiff alleges that two weeks after the surgery he noticed problems with the surgical wound site. *Id.* ¶ 14. Upon visiting the emergency room, Plaintiff was diagnosed with an infection, "[c]ellulitis at surgical incision secondary to back surgery in Baltimore." *Id.* ¶ 15. As a result of the infection, Plaintiff underwent another medical procedure performed by Dr. Iuliano on July 27, 2006. *Id.* ¶ 16. Following this procedure, Plaintiff continued to experience back pain as well as left and right leg pain. *Id.* ¶ 16-17. On November 21, 2006, Plaintiff underwent an exploration of the previous laminectomy and diskectomy. *Id.* ¶ 18. During this surgical procedure, Dr. Iuliano found necrotic material and diagnosed Plaintiff with an infection. *Id.* ¶ 19-20.

Plaintiff seeks damages as a result of the injuries arising from the back surgeries performed by Dr. Iuliano. *Id.* ¶ 28. Specifically, Plaintiff alleges that Dr. Iuliano failed to obtain Plaintiff's informed consent before performing the June 22, 2006 surgery. *Id.* ¶ 25. Plaintiff also alleges that if Dr. Iuliano had fully informed him of the risk of infection that he would not have consented to and undergone the surgical procedures performed on June 22, 2006. *Id.* ¶ 26. Plaintiff further alleges that his lack of consent was a direct and proximate result of his injuries.

On May 24, 2010, Plaintiff filed the Complaint in this case. ECF No. 2. On that same day, Dr. Iuliano filed an Answer to Plaintiff's complaint. ECF No. 3. Subsequently, on December 2, 2011, Dr. Iuliano filed this Motion to File an Amended Answer. ECF No. 30. The

Amended Answer seeks to correct the identification of Dr. Iuliano's employer from Neurosurgery Associates Inc., as set forth in the Answer, to Neurosurgery Services, LLC.  *Id.* ¶ 3.  The Amended Answer also seeks to correct a typographical error in Dr. Iuliano's counsel's signature block.  *Id.* ¶ 4.  Dr. Iuliano attempted to receive consent to file an Amended Answer from Plaintiff, but no response was received.  *Id.* ¶ 5.  Dr. Iuliano, thus, requests that this Court grant his Motion for Leave to File an Amended Answer in order to correct these errors.  ECF No. 30.

## STANDARD OF REVIEW

A plaintiff may amend his or her pleading once "as a matter of course at any time before a responsive pleading is served" or "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a).  In *Foman v. Davis*, the Supreme Court stated that, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' "  371 U.S. 178, 182 (1962).  The U.S. Court of Appeals for the Fourth Circuit has observed that " 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.' "  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

ANALYSIS

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, leave should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility.  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).  This Court has recently stated that "[a] review for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, 2012 WL 37397, at *3 (D. Md. 2012); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.").  At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile." *Next Generation Grp.*, 2012 WL 37397 at *3.

Here, granting Defendant's Motion for Leave to File Amended Answer would neither result in prejudicing the Plaintiff, rewarding bad faith on the part of the Defendant, nor amounting to futility.  Additionally, before filing this Motion, Dr. Iuliano attempted to obtain consent from Plaintiff to amend the original Answer, but received no response.  *See* Def. Mot. for Leave to File Amended Ans. ¶ 5, ECF No. 30.  As the Supreme Court observed in *Foman v. Davis*, "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' " 371 U.S. 178, 182 (1962).  Here, granting Dr. Iuliano leave to amend his original answer to correctly identify his employer as Neurosurgery Associates LLC., rather than Neurosurgery Inc., as well as to correct a typographical error in his counsel's signature block would not result in prejudice to the Plaintiff.

## CONCLUSION

For the reasons stated above, Defendant Brian Iuliano, M.D.'s Motion for Leave to File Amended Answer (ECF No. 30) is GRANTED.

A separate Order follows.

Dated:  April 11, 2012                                          /s/_____

                                                                              Richard D. Bennett

                                                                              United States District Judge