IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY ANTHONY ROBERTSON, *

Plaintiff, *

v. * Civil Action No. RDB-10-1319

BRIAN A. IULIANO, M.D., *

Defendant. *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

This is a medical malpractice action in which Plaintiff Rodney A. Robertson ("Plaintiff") alleges that Defendant Brian A. Iuliano, M.D. ("Defendant" or "Dr. Iuliano") failed to obtain his informed consent to his June 22, 2006 back surgery. Plaintiff had filed similar claims against Defendants Neurosurgery Services, LLC and St. Agnes Healthcare, Inc. On December 10, 2012, this Court issued a Memorandum Opinion and Order (ECF Nos. 59 & 58) granting Defendants St. Agnes Healthcare, Inc.'s and Neurosurgery Services, LLC's Motions for Summary Judgment and entering judgment in their favor holding that neither the medical group nor the hospital could be held liable for Dr. Iuliano's alleged failure to obtain informed consent. The case against Dr. Iuliano is scheduled for a four-day trial to begin on Tuesday, January 22, 2013.

Presently pending before this Court is Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 62). The parties' submissions have been reviewed and this Court has heard the parties' arguments during the Pre-Trial Conference conducted on January 14, 2013

off the record. For the reasons that follow, Plaintiff Rodney A. Robertson's Motion for Leave to File Amended Complaint (ECF No. 62) is DENIED.

## BACKGROUND

On January 7, 2013, the parties filed a Joint Pre-Trial Order ("PTO") (ECF No. 61). In this Order, Plaintiff Rodney A. Robertson ("Plaintiff") indicated an intent to amend the Complaint to clarify that the lack of informed consent also included the failure to disclose alternative forms of treatment. Plaintiff also indicated an intent to increase the amount set forth in the *ad damnum* clause.[1] As mentioned in the Pre-Trial Order, Plaintiff additionally filed a separate Motion for Leave to File Amended Complaint (ECF No. 62) seeking to modify paragraphs 23 and 24 of the Original Complaint as follows:

> 23. Defendants failed to inform Mr. Robertson of the risks associated with the June 22, 2006 surgery, including *the risk* of infection, *and the alternative forms of treatment available to Mr. Robertson*. Defendants failed to obtain informed consent.
> 24. Mr. Robertson would not have consented to and undergone the surgical procedures on June 22, 2006, if Defendants or their agents and/or employees had fully informed him of *the risks associated with the June 22, 2006 surgery, including* the risk of infection, *and the alternative forms of treatment available to Mr. Robertson*.

Pl.'s Proposed Am. Compl. ¶¶ 23-24, Ex. B, ECF No. 62-2 (emphasis added).

Specifically, Plaintiff argued that the requested modification is consistent with his position throughout the proceedings that Dr. Iuliano failed to inform him of other available forms of treatment. Accordingly, Plaintiff contended that the amendment was not prejudicial to Dr. Iuliano, nor was it made in bad faith as it was the evidence uncovered

---

[1] Plaintiff omitted this request from his Motion for Leave to File Amended Complaint (ECF No. 62) and acknowledged during the Pre-Trial Conference that he no longer sought to amend the *ad damnum* clause.

during discovery that prompted the need for an amendment. Finally, Plaintiff argued that the requested amendment was not futile because the modification relates to the obligation Dr. Iuliano had to obtain informed consent. Defendant Dr. Iuliano indicated his opposition to this amendment in the Pre-Trial Order, contending that it sought to add an additional claim. According to Defendant, the amendment should not be permitted because the issue of alternative treatment methods has not been a claim in this case and no discovery was conducted surrounding that precise issue.

ANALYSIS

Pursuant to the operating Scheduling Order in this case (ECF No. 27; modified by ECF Nos. 31-1, 39), the deadline for the amendment of pleadings was December 5, 2011. "A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings." *See CBX Tech., Inc. v. GCC Tech., LLC*, JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012). *See also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend."); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003)("once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)").

Under the analysis required by Rule 16(b) of the Federal Rules of Civil Procedure, the timeliness of the motion to amend "and the reasons for its tardy submission," are more important than the substance of the proposed amendment. *Rassoull v. Maximus, Inc.*, 209 F. R. D. 372, 373-74 (D. Md. 2002). A court's scheduling order " 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' " *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md.1999), *quoting Gestetner v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D. Me. 1985). " 'Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec.,* 190 F.R.D. at 375 (citations omitted). In determining whether "good cause" exists, a court must consider the "danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Virginia Linen Service, Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010) (internal quotation marks and citation omitted). Importantly, "good cause" generally exists where at least some of the evidence necessary to prove the plaintiff's claim did not come to light until after the amendment deadline; however, leave to amend will be denied if the plaintiff cannot account, to the court's satisfaction, for his failure to discover the evidence earlier, or if that failure was the result of carelessness. *Id.* (citing *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429 (Table)(4th Cir. 1994); *Whichard v. Specialty Restaurants Corp.*, 220 F.R.D. 439, 441 (D. Md. 2004). In this case, Plaintiff failed to satisfy this Court that there was "good cause"

to amend, as there is no recently discovered evidence that would trigger the need for such an amendment. In short, the request for amendment is nothing more than an effort to expand the claim in this case on facts well-known to the Plaintiff's counsel since the filing of this action.

Even if Plaintiff had met his burden to show "good cause," the amendment would be prejudicial to Defendant. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] where justice so requires." FED. R. CIV. P. 15(a)(2). The U.S. Court of Appeals for the Fourth Circuit "has interpreted Rule 15(a) of the Federal Rules of Civil Procedure to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] and is offered before any discovery has occurred.' " *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because the defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.")). At this late point in the case, no discovery has been conducted with respect to causation as it relates to informing Plaintiff of alternative

treatment methods. Moreover, Plaintiff's amendment essentially seeks to add a new claim to the Complaint.

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 62) is DENIED as it fails to satisfy the "good cause" standard of Rule 16(b)(4), and alternatively it would be prejudicial to the Defendant Dr. Iuliano under Rule 15(a)(2) to permit such an amendment on the eve of trial.

CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 62) is DENIED.

A separate Order follows.

Dated: January 14, 2013

/s/
Richard D. Bennett
United States District Judge